IN THE UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CORDELL JONES | ) | |
| | ) | |
| PLAINTIFF, | ) | CIVIL ACTION NO. |
| | ) | |
| vs. | ) | |
| | ) | HON. |
| ADVANCED COMMERCIAL ROOFING, | ) | |
| a/k/a ACR., | ) | |
| | ) | |
| DEFENDANT. | ) | |
| _____ | ) | |

## COMPLAINT

PLAINTIFF, CORDELL JONES, by and through his attorneys, CARLA D. AIKENS, P.L.C., submits the following Complaint and Demand for Trial by Jury against ADVANCED COMMERCIAL ROOFING, ACR.

## JURY DEMAND

COMES NOW PLAINTIFF, and hereby makes his demand for trial by jury.

## JURISDICTION

1. At all times relevant to this complaint, PLAINTIFF CORDELL JONES ("Mr. Jones") was a resident of Champaign, County in the State of Illinois.

2. Advanced Commercial Roofing, ACR., is a foreign corporation, which has a place of business at 3611 N. Staley Road, Champaign, Illinois 61822.

3. This action is brought in this Court on the basis of federal question

jurisdiction, pursuant to Title VII of the Civil Rights Act of 1964, 42 USC 2000e et seq.

4. Pursuant to 28 U.S.C. §1367, this Court has supplemental jurisdiction over Plaintiff's state law claims.

## VENUE

5. Venue is proper in the Central District of Illinois pursuant to Section 706(f)(3) of Title VII, 42 U.S.C. § 2000e-5(f)(3), because the unlawful employment discrimination giving rise to Plaintiff's claims occurred in this District.

## STATEMENT OF FACTS

6. Mr. Jones is an African-American male who began his employment with Defendant as a roofer on or about August 23, 2023.

7. Within the first couple of weeks, Mr. Jones noticed and witnessed several racial slurs being used between the workers.

8. In an effort to not become a target, Mr. Jones kept his head down and continued to go to work and leave.

9. Beginning on or about September 2023, Mr. Jones began to be subjected to racial and sexual harassment, along with unequal terms and conditions of employment by his Foreman and coworkers.

10. Danny, Foreman, began to come up to Mr. Jones talking about the other workers, calling them out of their names.

11. Ivan, a coworker, wore a cowboy hat to work and Danny teased him stating he looked gay and looked like a "f*****." Danny then tried to get Mr. Jones to chime in, comparing Ivan to "a gay singer who sings the cowboy song Old Town Road by Lil Nas X."

12. As days passed, Mr. Jones noticed Danny began going out of his way to insult and make indirect comments towards him because he is a bi-sexual, African American man, creating a hostile work environment.

13. Danny started calling Mr. Jones "boy," a racially demeaning term, instead of using his name.

14. Mr. Jones wore a colored/patterned hair bonnet and was teased by Danny who said, "hey everyone, look at this s***, look at this f**".

15. Mr. Jones took a purple lunch bag to work and was teased publicly about the color.

3

16. Mr. Jones and Ivan were working on a job and Danny stated, "man I ain't never worked around this many f******* a day in my life. What is roofing coming to? We got f*** and g*** taking over," while laughing.

17. Further, when Mr. Jones would call off work due to being sick or due to his daughters, Danny retaliated by not scheduling Mr. Jones for days at a time while everyone else continued to be able to work.

18. One day, the foreman and the other workers could not get a machine to work so that they could use it for a job.

19. Mr. Jones attempted to fix the machine that no one could figure out asking if there was oil in the machine but was belittled and teased by the other workers causing him to leave work early from embarrassment.

20. The next day, Mr. Jones went back to work and asked what the issue was with the machine, however, no one wanted to tell him because they knew Mr. Jones was right.

21. Danny responded to Mr. Jones telling him "you don't know s***" and "I know plenty Black dudes smarter than you."

22. Danny continued to make racial and sexual statements regarding the Plaintiff and others.

4

23. Plaintiff was sent home constantly, which caused him to wonder on many occasions if Defendant was looking to fire him.

24. After suffering from the hostile environment, Mr. Jones reported to HR that he was being treated differently because he is a bisexual, African American man.

25. HR assured Mr. Jones that they take such complaints seriously and would keep him informed of any actions taken.

26. Rather than terminating or suspending Danny, Defendant merely reassigned him to a different crew.

27. Following Mr. Jones's complaint, Defendant distributed a sexual harassment policy form company-wide, requiring all employees to sign it as a condition of returning to work.

28. Despite HR's assurances, Mr. Jones was never informed of any resolution to his complaint.

29. Upon information and belief, Defendant took no meaningful action in response to Mr. Jones's complaints.

30. Upon information and belief, Mr. Jones had no documented history of performance issues prior to filing his complaints.

31. Mr. Jones believes that he was specifically targeted by Danny and faced retaliation for reporting differential treatment and harassment.

32. On November 24, 2023, Mr. Jones was terminated.

33. Upon information and belief, Defendant's agents have a pattern or practice of discriminating and harassing gay, bi-sexual and/or African-American males at a disproportionate rate than others.

34. Plaintiff went to the EEOC and received a Right to Sue Letter on November 26, 2024 for Charge No: 440-2024-07222.

35. Plaintiff requests remuneration for the following claims set forth herein.

## <u>COUNT I</u>
## RETALIATION IN VIOLATION OF 42 USC § 1981

36. Plaintiff hereby incorporates by reference the preceding paragraphs of this Complaint, as if fully set forth herein.

37. 42 USC § 1981 prohibits individuals from intentionally discriminating and retaliating against persons who engage in protected activity, including reporting and opposing unlawful acts of race discrimination, in the making and enforcement of contracts.

38. Defendant's discrimination against Plaintiff as described above is in violation of the rights of Plaintiff afforded him by the First Amendment and

6

the Civil Rights Act of 1866, 42 USC § 1981, as amended by the Civil Rights Act of 1991.

39. By the conduct described above, Defendant intentionally deprived Plaintiff of the same rights as are enjoyed by individuals who do not report discrimination, and those who are non-African-American, to the creation, performance, enjoyment, and all benefits and privileges of their contractual employment relationship with Defendant, in violation of 42 USC § 1981.

40. Plaintiff engaged in activity protected by 42 USC § 1981 when he complained of and opposed unlawful racial discrimination.

41. The retaliation by Defendant that Plaintiff experienced included his termination.

42. The actions of Defendant and its agents were willful, intentional, in deliberate disregard of and with reckless indifference to the rights and sensibilities of Plaintiff.

43. As a direct and proximate result of those actions, the terms, conditions, and privileges of Plaintiff's employment were adversely affected, and Plaintiff was unlawfully terminated.

44. But for Defendant's unlawful discrimination against Plaintiff for opposing gender discrimination, Plaintiff would not have suffered damages as set forth herein including his termination.

7

45. As a direct and proximate result of Defendant's wrongful acts, Plaintiff sustained injuries and damages including, but not limited to, loss of earnings and earning capacity, loss of career opportunities, loss of fringe and pension benefits, outrage and humiliation, mental anguish, anxiety about their future, physical and emotional distress, loss of professional reputation and loss of the ordinary pleasures of everyday life.

## COUNT II
## RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. 2000e et seq. ("Title VII")

46. Plaintiff incorporates by reference all allegations in the preceding paragraphs.

47. At all material times, Defendant was an employer and Plaintiff was an employee covered by, and within the meaning of, Title VII, as amended.

48. A respondeat superior relationship existed because agents of Defendant had the ability to undertake or recommend tangible decisions affecting Plaintiff and the authority to direct all of Plaintiff's daily work activity.

49. Defendant's conduct, as alleged herein, violated Title VII which makes it unlawful to harass or retaliate against an employee for engaging in protected activity.

50. Plaintiff engaged in protected activity, as more fully laid out in the statement of facts, including, but not limited to when Plaintiff reported the treatment

he experienced leading up to his termination, on the basis of race and sexual orientation.

51. Defendant, through its agents, had knowledge that Plaintiff engaged in protected behavior because he reported the issue directly to an agent of Defendant.

52. After Plaintiff engaged in protected activity, Defendant's agents thereafter took adverse employment actions against Plaintiff, as alleged in the statement of facts, and terminated his position.

53. Defendant and its agents' unlawful actions were intentional, willful, malicious and/or done with reckless disregard of Plaintiff's rights.

54. Plaintiff notified Defendant and its agents of the unwelcomed conduct and communication; however, Defendant failed to remedy the same.

55. As a proximate result of Defendant's discriminatory and retaliatory actions, Plaintiff has suffered losses in compensation, earning capacity, humiliation, mental anguish, and emotional distress.

56. As a result of those actions and consequent harms, Plaintiff has suffered such damages in an amount to be proved at trial.

57. Plaintiff requests relief as described in the Prayer for Relief below.

## COUNT III
## RETALIATION IN VIOLATION OF THE ILLINOIS HUMAN RIGHTS ACTS ("IHRA")

58.67.    Plaintiff incorporates by reference all allegations in the preceding paragraphs.

59. At all material times, Plaintiff was an employee, and Defendant was his employer covered by, and within the meaning of, the IHRA.

60. A respondeat superior relationship existed because agents of Defendant had the ability to undertake or recommend tangible decisions affecting Plaintiff and the authority to direct all of Plaintiff's daily work activity.

61. Defendant's conduct, as alleged herein, violated the IHRA which makes it unlawful to retaliate against an employee who has engaged in protected activity.

62. Plaintiff engaged in protected activity, as more fully laid out in the statement of facts, including but not limited to when Plaintiff complained about mistreatment on the basis of race and sexual orientation.

63. Defendant, through its agents, had knowledge that Plaintiff engaged in protected behavior because he reported the issue directly to agents of Defendant.

64. After Plaintiff engaged in protected activity, Defendant's agents thereafter took adverse employment actions against Plaintiff, as alleged in the

10

statement of facts, which included terminating him.

65. Defendant and its agents' unlawful actions were intentional, willful, malicious and/or done with reckless disregard of Plaintiff's rights.

66. Plaintiff notified Defendant and its agents of the unwelcomed conduct and communication; however, Defendant failed to remedy the same.

67. As a proximate result of Defendant's discriminatory and retaliatory actions, Plaintiff has suffered losses in compensation, earning capacity, humiliation, mental anguish, and emotional distress.

68. As a result of those actions and consequent harms, Plaintiff has suffered such damages in an amount to be proved at trial.

69. Plaintiff requests relief as described in the Prayer for Relief below.

## COUNT IV
## RACIAL DISCRIMINATION IN VIOLATION OF 42 USC § 1981

70. Plaintiff hereby incorporates by reference the preceding paragraphs of this Complaint, as if fully set forth herein.

71. 42 USC § 1981 prohibits employers from intentionally discriminating against individuals, including employees, in the making and enforcement of contracts.

72. Defendant's discrimination against Plaintiff as described above is in violation of the rights of Plaintiff afforded him by the U.S. Constitution and the Civil Rights Act of 1866, 42 USC § 1981, as amended by the Civil

Rights Act of 1991.

73. By the conduct described above, Defendant intentionally deprived Plaintiff of the same rights as are enjoyed by individuals who are non-African American, to the creation, performance, enjoyment, and all benefits and privileges of their contractual employment relationship with Defendant, in violation of 42 USC § 1981.

74. The intentional discrimination on the basis of Plaintiff's race by Defendant that Plaintiff experienced included his termination.

75. The actions of Defendant and its agents were willful, intentional, in deliberate disregard of and with reckless indifference to the rights and sensibilities of Plaintiff.

76. As a direct and proximate result of those actions, the terms, conditions, and privileges of Plaintiff's employment were adversely affected, and Plaintiff was unlawfully terminated.

77. As a direct and proximate result of Defendant's wrongful acts, Plaintiff sustained injuries and damages including, but not limited to, loss of earnings and earning capacity, loss of career opportunities, loss of fringe and pension benefits, outrage and humiliation, mental anguish, anxiety about their future, physical and emotional distress, loss of professional reputation and loss of the ordinary pleasures of everyday life.

## COUNT V
## DISCRIMINATION ON THE BASIS OF RACE/COLOR IN VIOLATION OF TITLE VII

78. Plaintiff incorporates by reference all allegations in the preceding paragraphs.

79. At all material times, Defendant was an employer and Plaintiff was an employee covered by, and within the meaning of, Title VII, as amended.

80. Defendant's conduct, as alleged herein, violated Title VII of the Civil Rights Act of 1964, which makes it unlawful to harass or discriminate against an employee on the basis of that employee's race.

81. Plaintiff is an African American man, and, as a result, is a member of a protected class pursuant to Title VII.

82. Plaintiff was subjected to offensive communication and/or conduct on the basis of his membership in this protected class, including but not limited to, terminating him and subjecting him to a hostile work environment, and such other actions as described in the facts above.

83. Defendant and its agents' unlawful actions were intentional, willful, malicious and/or done with reckless disregard for Plaintiff's rights.

84. The unwelcomed conduct and communication was intended to and in fact did substantially interfere with Plaintiff's employment and created an intimidating, hostile, and/or offensive work environment as alleged in the

statement of facts.

85. As a proximate result of the Defendant's discriminatory actions, Plaintiff has suffered losses in compensation, earning capacity, humiliation, mental anguish, and emotional distress.

86. As a result of those actions and consequent harms, Plaintiff has suffered such damages in an amount to be proven at trial.

87. Plaintiff requests relief as described in the Prayer for Relief below.

## <u>COUNT VI</u>
## DISCRIMINATION ON THE BASIS OF RACE IN VIOLATION OF THE IHRA

88. Plaintiff incorporates by reference all allegations in the preceding paragraphs.

89. At all material times, Defendant was an employer and Plaintiff was an employee covered by, and within the meaning of the Illinois Human Rights Act, 775 ILCS 5 et seq..

90. Defendant's conduct, as alleged herein, violated the IHRA, which makes it unlawful to harass or discriminate an employee on the basis of that employee's race or skin color, or association with a particular race.

91. Plaintiff is an African American man, and, as a result, is a member of a protected class pursuant to IHRA.

92. Plaintiff was subjected to offensive communication and/or conduct on the basis of his membership in this protected class.

14

93. Defendant and its agents' unlawful actions were intentional, willful, malicious and/or done with reckless disregard for Plaintiff's rights.

94. The unwelcomed conduct and communication was intended to and in fact did substantially interfere with Plaintiff's employment and created an intimidating, hostile, and/or offensive work environment as alleged in the statement of facts.

95. As a direct and proximate result of the Defendant's wrongful acts and omissions, Plaintiffs have sustained loss of earnings, earning capacity, and fringe benefits and have suffered mental anguish, emotional distress, humiliation and embarrassment, and loss of professional reputation.

96. Plaintiff requests relief as described in the Prayer for Relief below.

## COUNT VII
## DISCRIMINATION ON THE BASIS OF SEXUAL ORIENTATION IN VIOLATION OF TITLE VII

97. Plaintiff incorporates by reference all allegations in the preceding paragraphs.

98. At all material times, Defendant was an employer and Plaintiff was an employee covered by, and within the meaning of, Title VII, as amended.

99. Defendant's conduct, as alleged herein, violated Title VII of the Civil Rights Act of 1964, which makes it unlawful to harass or discriminate against an employee on the basis of that employee's sexual orientation.

100.    Plaintiff is a bisexual man, and, as a result, is a member of a protected class pursuant to Title VII.

101.    Plaintiff was subjected to offensive communication and/or conduct on the basis of his membership in this protected class, including but not limited to, terminating him and subjecting him to a hostile work environment, and such other actions as described in the facts above.

102.    Defendant and its agents' unlawful actions were intentional, willful, malicious and/or done with reckless disregard for Plaintiff's rights.

103.    The unwelcomed conduct and communication was intended to and in fact did substantially interfere with Plaintiff's employment and created an intimidating, hostile, and/or offensive work environment as alleged in the statement of facts.

104.    As a proximate result of the Defendant's discriminatory actions, Plaintiff has suffered losses in compensation, earning capacity, humiliation, mental anguish, and emotional distress.

105.    As a result of those actions and consequent harms, Plaintiff has suffered such damages in an amount to be proven at trial.

106.    Plaintiff requests relief as described in the Prayer for Relief below.

## COUNT VIII
## DISCRIMINATION ON THE BASIS OF SEXUAL ORIENTATION
## IN VIOLATION OF THE IHRA

107.    Plaintiff incorporates by reference all allegations in the preceding

paragraphs.

108.    At all material times, Defendant was an employer and Plaintiff was an

employee covered by, and within the meaning of the IHRA.

109.    Defendant's conduct, as alleged herein, violated the IHRA, which

makes it unlawful to harass or discriminate against an employee on the basis

of that employee's sexual orientation.

110.    Plaintiff is a bisexual man, and, as a result, is a member of a protected

class pursuant to the IHRA.

111.    Plaintiff was subjected to offensive communication and/or conduct on

the basis of his membership in this protected class, including but not limited

to, terminating him and subjecting him to a hostile work environment, and

such other actions as described in the facts above.

112.    Defendant and its agents' unlawful actions were intentional, willful,

malicious and/or done with reckless disregard for Plaintiff's rights.

113.    The unwelcomed conduct and communication was intended to and in

fact did substantially interfere with Plaintiff's employment and created an

intimidating, hostile, and/or offensive work environment as alleged in the

17

statement of facts.

114.    As a proximate result of the Defendant's discriminatory actions, Plaintiff has suffered losses in compensation, earning capacity, humiliation, mental anguish, and emotional distress.

115.    As a result of those actions and consequent harms, Plaintiff has suffered such damages in an amount to be proven at trial.

116.    Plaintiff requests relief as described in the Prayer for Relief below.

## COUNT IX
## HOSTILE WORKPLACE ENVIRONMENT IN VIOLATION OF TITLE VII

117.    Plaintiff incorporates by reference all allegations in the preceding paragraphs.

118.    At all material times, Defendant was an employer and Plaintiff was an employee covered by, and within the meaning of, Title VII, as amended.

119.    A respondeat superior relationship existed because agents of Defendant had the ability to undertake or recommend tangible decisions affecting Plaintiff and the authority to direct all of Plaintiff's daily work activity.

120.    Defendant's conduct, as alleged herein, violated Title VII which makes it unlawful to create a work environment that a reasonable person would consider intimidating, hostile, or abusive.

121.    Plaintiff's work environment, as alleged in the statement of facts made it so any individual who was an African American member of the LGBTQ+ community had an unworkable work environment.

122.    The communication and conduct were unwelcomed.

123.    The unwelcomed conduct and communication were intended to, or in fact did, substantially interfere with Plaintiff's employment, and created an intimidating, hostile, and offensive work environment, as alleged in the statement of facts.

124.    As a direct and proximate result of Defendant's discriminatory actions, Plaintiff has suffered losses in earning capacity, humiliation, mental anguish, and emotional distress.

125.    As a result of those actions and consequent harms, Plaintiff has suffered such damages in an amount to be proven at trial.

126.    Plaintiff requests relief as described in the Prayer for Relief below.

## **PRAYER FOR RELIEF**

PLAINTIFF, Cordell Jones, respectfully requests that this Honorable Court enter judgment against Defendant as follows:

1. Compensatory damages in whatever amount to which Plaintiff is entitled;

2. Exemplary damages in whatever amount which Plaintiff is entitled;

3. An award of lost wages and the value of fringe benefits, past and future;

19

4. An award of interest, costs, and reasonable attorney fees; and

5. An order awarding whatever other equitable relief appears appropriate at the time of final judgment.

Dated:  February 20, 2025                    Respectfully Submitted,

                                             CARLA D. AIKENS, P.L.C.

                                             /s/ *Carla D. Aikens*
                                             Carla D. Aikens (P69530)
                                             Rejanaé M. Thurman (P85701)
                                             615 Griswold St., Ste. 709
                                             Detroit, MI 48226
                                             carla@aikenslawfirm.com
                                             *Attorneys for Plaintiff*